# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Cr. No. 17-10050 |
| v. | ) | WESTERN DISTRICT OF TN |
| | ) | FILED IN OPEN COURT: |
| CHARLES DUSTIN WILLIAMS, | ) | DATE: 8-9-18 |
| Defendant. | ) | TIME: 9:40 |
| PLEA AGREEMENT | | INITIALS: lu |

Come now the parties herein, the defendant, CHARLES DUSTIN WILLIAMS, being represented by counsel, DAVID CAMP, and the United States, being represented by VICTOR L. IVY, Assistant United States Attorney for the Western District of Tennessee and hereby agree as follows:

1. The parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules and case law.

2. The defendant agrees to plead guilty to Count 1 of the Indictment in the above-styled cause. The defendant will pay the $100.00 special assessment prior to sentencing.

3. The defendant agrees to abandon any claim in any civil or administrative forfeiture proceeding as a result of the conduct to which the defendant is pleading under this agreement, and agrees to forfeit any and all property seized from the defendant upon arrest.

## AGREEMENT REGARDING SENTENCE

4. This plea is being made pursuant to Rule 11(c)(1)(C) of the Federal Rules of

1

Criminal Procedure. The parties agree that the appropriate sentence in this case is 240 months incarceration. If the Court should not sentence the defendant to the recommended sentence, then the defendant will be allowed to withdraw his guilty plea, and the United States will be released from the terms of the agreement.

**BREACH OF PLEA AGREEMENT BY THE DEFENDANT**

5. Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1 or has failed to make any court appearances in this case, from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty, except as detailed in paragraph 4 herein.

**CONCESSIONS BY THE GOVERNMENT**

8. The Government agrees not to indict or prosecute the defendant for his conduct in a separate incident arising out of and indicted in Stewart County, Tennessee in case number 2018-CR-30.

6. The parties agree that the Government will recommend that the defendant receive a full reduction for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, providing the defendant commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the indictment. However, the defendant understands that whether

or not acceptance of responsibility is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility is not a basis for the defendant to withdraw his guilty plea or to appeal his sentence.

## WAIVER OF APPEAL AND 2255 ACTIONS

7. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed in this case ~~and in case number 16-CR-10058~~, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case ~~and in case number 16-CR-10058~~ was knowing and voluntary.

8. The Defendant understands that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, the Defendant knowingly and voluntarily waives his right under

3

Section 2255 in this case. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

### FEDERAL RULE OF EVIDENCE 410

9. The Defendant understands that any statement made in the course of the plea colloquy may be used against the Defendant in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

### PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

10. There are no other agreements between and among the parties to this agreement. The defendant is satisfied that all acts and/or any omissions of counsel for the defense have been the result of reasonable professional judgment and that defendant has been provided adequate legal representation in this case. The defendant enters this agreement freely, knowingly, and voluntarily, and upon the advice of counsel.

Respectfully submitted,

D. Michael Dunavant
United States Attorney

_____
DAVID CAMP
Counsel for the Defendant

_____
VICTOR L. IVY
Assistant U.S. Attorney
167 N. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231

_____
CHARLES DUSTIN WILLIAMS
Defendant

6-9-18
Date