IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TENNESSEE EASTERN DIVISION

WESTERN DISTRICT OF TN
FILED IN OPEN COURT:
DATE: _____11/21/19_____
TIME: _____12:28 p.m.____
INITIALS: _____ew_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 1:17-CR-10050-JDB |
| | ) | |
| CHARLES DUSTIN WILLIAMS, | ) | |
| Defendant. | ) | |

# PLEA AGREEMENT

Come now the parties herein, the defendant, CHARLES DUSTIN WILLIAMS, being represented by counsel, ROBERT L. PARRIS, and the United States, being represented by BETH BOSWELL, Assistant United States Attorney for the Western District of Tennessee and hereby agree as follows:

1.    The following plea agreement constitutes the entire agreement between the parties, and the parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules and case law.

2.    The defendant agrees to plead guilty to Count 1 of the Information in the above-styled cause. If the defendant pleads guilty in case number 17-10050 and the Court accepts that plea, the Government agrees not to file additional charges for any conduct arising from the defendant's conduct on December 1, 2016.  The defendant will pay the $100.00 special assessment prior to sentencing.

3.    The defendant admits to the forfeiture allegation contained in the Information and forfeits to the Government any property constituting, or derived from, proceeds obtained,

directly or indirectly, as a result of the conduct to which the defendant is pleading under this agreement.

## STIPULATION ON DRUG QUANTITY

4.      The parties agree to recommend that the most readily provable amount of drugs for which the defendant should be held accountable equates to at least 50 grams and less than 150 grams of actual methamphetamine (ICE). The parties acknowledge that this stipulation is a recommendation, and that determining the amount of drugs for which the defendant should be held accountable is a matter to be determined by the Court.

## BREACH OF PLEA AGREEMENT BY THE DEFENDANT

5.      Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1 or has failed to make any court appearances in this case, from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw the plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

## CONCESSIONS BY THE GOVERNMENT

6.      The parties agree pursuant to Rule 11(c)(1)(C) that the appropriate sentence in this case is 188 months incarceration.

7.      The parties agree that the Government will recommend that the defendant receive a full reduction for acceptance of responsibility under U.S. Sentencing Guidelines

3E1.1, providing the defendant commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the Information. However, the defendant understands that whether or not acceptance of responsibility is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility is not a basis for the defendant to withdraw the defendant's guilty plea or to appeal the defendant's sentence.

## CONCESSIONS BY THE DEFENDANT

8.    The defendant understands that neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be.

9.    The defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is determined to be a Career Offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

10.    The defendant understands that any statement made in the course of the plea colloquy may be used against the defendant in any criminal prosecution. The defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

11.    The defendant is aware that 18 U.S.C. Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. Section 3742 to appeal any sentence imposed,

including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

12.     The defendant understands that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to file an action pursuant to Section 2255. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

## MITIGATING AND ENHANCING FACTORS

13.     It is agreed that the parties may present any evidence relevant to any mitigating or enhancing factors which may apply to the defendant under the United States Sentencing Guidelines. The defendant understands and agrees that the Court will make the final determination of facts as to any sentence and as to any mitigating or aggravating factors concerning the sentence to be imposed. Adverse rulings by the Court shall not

be grounds for the withdrawal of the defendant's guilty plea.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

14.     There are no other agreements between and among the parties to this agreement.

The defendant is satisfied that all acts and/or any omissions of counsel for the defense

have been the result of reasonable professional judgment and that defendant has been

provided   adequate   legal   representation   in   this   case.   The   defendant   enters   this

agreement freely, knowingly, and voluntarily, and upon the advice of counsel.

                                                    Respectfully submitted,

                                                    D. MICHAEL DUNAVANT
                                                    United States Attorney


_____               _____
ROBERT L. PARRIS                               VICTOR L. IVY
Counsel for the Defendant                       Assistant U.S. Attorney
                                               109 South Highland, Suite 300
                                               Jackson, Tennessee 38301
                                               (731) 422 6220


_____               _____
CHARLES DUSTIN WILLIAMS                        DATE   11/20/19
Defendant